IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-111-BO-BM

DEVESH MISHRA, individually and doing )
business as Betide Studio, )
           )
       Plaintiff, )
           )
v. )               O R D E R
           )
JOHN DOE, an unknown individual doing )
business as "Ahmed Karim," )
           )
       Defendant. )

This cause comes before the Court on plaintiff's emergency motion for an *ex parte* temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure [DE 4]. For the reasons that follow, the motion for a temporary restraining order is denied.

BACKGROUND

Plaintiff, who proceeds *pro se*, commenced this action by filing a complaint against defendant John Doe alleging violation of the Digital Millenium Copyright Act (DMCA), specifically 17 U.S.C. § 512(f), as well as state law claims for tortious interference with business relations and unfair and deceptive trade practices. [DE 1]. Plaintiff alleges that he is a software developer who creates tools and plugins for the Unreal Engine development community and has a verified publisher account on the Fab Marketplace, an online marketplace operated by Epic Games, Inc. Plaintiff alleges that one of his products available on the Fab Marketplace is the Agent Integration Kit (NeoStack AI).

On February 21, 2026, plaintiff, who resides in India, received an email notification from Epic Games that Epic Games had received a DMCA copyright takedown notice regarding

plaintiff's Agent Integration Kit plugin and that plaintiff's plugin had been removed from the Fab Marketplace in response to the takedown notice. The filer of the takedown notice with Epic Games was Ahmed Karim. Plaintiff alleges that Ahmed Karim is a pseudonym and that the email address he provided to Epic Games is an anonymous encrypted address. Plaintiff alleges that Ahmed Karim submitted a DMCA takedown notice for the purpose of causing plaintiff's plugin to be removed from the Fab Marketplace with knowledge that the representations in the takedown notice were materially false. *Id.*

Plaintiff seeks an *ex parte* emergency temporary restraining order which would enjoin defendant from filing any additional DMCA takedown notices against plaintiff. Plaintiff asks that defendant be ordered to withdraw the subject takedown notice against plaintiff and request that Epic Games restore plaintiff's product listing at its prior place in the marketplace with all rankings, reviews, and other data as they existed prior to the takedown. Plaintiff further requests that defendant be ordered to give Epic Games a copy of the temporary restraining order and that the Court order that any future takedown notices submitted by defendant regarding plaintiff's products have no force or effect.

## DISCUSSION

Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders. It provides that

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). While temporary restraining orders are at times necessary, "[t]he stringent restrictions imposed by . . . Rule 65 [] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). Accordingly, the procedural requirements of Rule 65(b) are strictly construed. *See Tchienkou v. Net Tr. Mortg.*, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010).

In order for injunctive relief against a defendant to be valid, a court must have personal jurisdiction over the defendant. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). Here, plaintiff has failed to allege that there is good cause to believe that this Court will have jurisdiction over the defendant. *See Bote LLC v. boteboard.com*, No. 121CV00612LMBMSN, 2021 WL 5195083, at *1 (E.D. Va. June 16, 2021).

Moreover, plaintiff has failed to satisfy Rule 65(b). Plaintiff asserts that he cannot locate the defendant and that he is suffering damages from the allegedly improper takedown notice, but he has not certified the reasons why notice should nonetheless not be required prior to the issuance of a temporary restraining order. *See* [DE 4-1]. While courts have issued temporary restraining orders against Doe defendants, it appears that such relief is granted generally where the plaintiff has provided some forecast of discovering the identity of the Doe defendant and an exigency exists. *See, e.g., Jacobo v. Doe, No. 1:22-cv-00672-DAD-BAK (BAM)*, 2022 U.S. Dist. LEXIS 101504, at *8-9 (E.D. Cal. June 7, 2022) (TRO issued against Doe defendant where plaintiff's counsel attested that defendant's legal name could be determined through expedited discovery to cryptocurrency exchanges and that in the absence of TRO it was highly likely that plaintiff's assets would be dissipated by defendant and become unrecoverable). Here, plaintiff has provided no

3

forecast of being able to discover the identity of defendant nor sufficient exigency which would support entry of an *ex parte* temporary restraining order against a Doe defendant.

CONCLUSION

Accordingly, plaintiff's emergency motion for *ex parte* temporary restraining order [DE 4] is DENIED.

SO ORDERED, this **25** day of February 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4